## PACIFIC INDEMNITY CO. v. INSURANCE CO. OF NORTH AMERICA.

Circuit Court of Appeals, Ninth Circuit.
April 16, 1928.

Rehearing Denied May 21, 1928.

No. 5347.

1. Statutes ☞267(1)—Statute affecting remedy only may have retrospective effect.

A statute requiring courts to give effect to provisions for arbitration in contracts does not affect contractual rights, but relates to the remedy only, and applies, though the action is based on a contract made before its passage.

2. Contracts ☞292½—California statute held to authorize submission to arbitration of any question arising under a contract, even to construction of the contract (Code Civ. Proc. Cal. § 1281, as amended by St. Cal. 1927, p. 404, § 2).

Code Civ. Proc. Cal. § 1281, as amended by St. Cal. 1927, p. 404, § 2, relating to agreements for arbitration, held broad enough to authorize submission of any question arising under a con-

tract, whether it relates to the construction of the contract or is a question of law or fact.

**3. Constitutional law ⟨⟩208(3)—California arbitration statute held constitutional (Code Civ. Proc. Cal. § 1280 et seq., as added and amended by St. Cal. 1927, p. 403).**

Code Civ. Proc. Cal. § 1280 et seq., as added and amended by St. Cal. 1927, p. 403, relating to agreements for arbitration, *held,* not unconstitutional, as discriminating between classes, because by its terms it does not apply to labor contracts.

**4. Statutes ⟨⟩117(1)—Provision for stay held within title of Arbitration Act (St. Cal. 1927, p. 405, § 5, amending Code Civ. Proc. Cal. § 1284).**

Section 5, which amends Code Civ. Proc. Cal. § 1284, and provides for stay of proceedings, *held,* within title of Arbitration Act 1927 (St. Cal. 1927, p. 405).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Action at law by the Pacific Indemnity Company against the Insurance Company of North America. Plaintiff brings error to review an order granting a stay to await an arbitration. Affirmed.

A. E. Cooley, Louis V. Crowley, Lasher B. Gallagher, and Cooley, Crowley & Gallagher, all of San Francisco, Cal., for plaintiff in error.

Charles A. Strong, of San Francisco, Cal., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. July 12, 1926, the Pacific Indemnity Company entered into an agreement with the Insurance Company of North America, wherein and whereby the latter reinsured 50 per cent. of the liability of the former under all automobile policies written by it on and after February 5, 1926, on risks written in certain states. Article XI of the agreement provided as follows:

"In the event of any difference hereinafter arising between the contracting parties with reference to any transaction under this agreement, the same shall be referred to two arbitrators, who must be insurance or reinsurance managers, one to be chosen by each side, and to an umpire chosen by said arbitrators before they enter upon arbitration, but neither of the arbitrators nor the umpire shall be in the service, directly or indirectly, of either of the companies party to this agreement. In the case of their not being able to agree as to the umpire, each of the arbitrators shall name one, and the decision shall be made by drawing lots.

"The arbitrators and umpire shall interpret this present agreement as an honorable engagement, rather than as a merely legal obligation, and their decision or that of the majority of them shall be final and binding upon the contracting parties without appeal. The arbitrators and umpire are relieved from all judicial formalities and may abstain from following the strict rules of law."

On August 2, 1927, the Pacific Company commenced the present action against the North America Company to recover a balance of $11,104.71 due the former from the latter under the contract of reinsurance.

[1] Section 1284 of the Code of Civil Procedure of California, as amended by section 5 of chapter 225 of the Laws of 1927 (page 405), provides:

"If any suit or proceeding be brought upon any issue arising out of an agreement providing for the arbitration thereof, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration, shall stay the action until an arbitration has been had in accordance with the terms of the agreement; provided, that the applicant for the stay is not in default in proceeding with such arbitration."

Because of this statute the court below, on motion of the defendant, stayed all proceedings in the action until an arbitration was had, and the present writ of error was sued out by the plaintiff to review the stay order.

The contract out of which the controversy in this case arose was entered into prior to the enactment of the amendment of 1927, and for that reason the plaintiff in error contends that the amendment is not retroactive, and the case is governed by the law in existence at the time the contract was made. In answer to a similar contention in Berkovitz v. Arbib & Houlberg, 130 N. E. 288, the Court of Appeals of New York said:

"Arbitration is a form of procedure whereby differences may be settled. It is not a definition of the rights and wrongs out of which differences grow. This statute did not attach a new obligation to sales already made. It vindicated by a new method the obligation then existing.

"In thus classifying its purpose, we have gone far in determining its effect. Changes in the form of remedies are applicable to proceedings thereafter instituted for the redress of wrongs already done. They are retrospective if viewed in relation to the

wrongs. They are prospective if viewed in relation to the means of reparation."

Again:

"Applied to the case of Berkovitz & Spiegel, these principles and presumptions require that arbitration be enforced. The statute was enacted after the contract had been made, but before a remedy was invoked. The range of choice is governed by the remedies available at the time when choice is made."

So in this case the amendment of 1927 is retrospective, if viewed in relation to the date of the contract, but prospective, if viewed in relation to the means of reparation.

[2] It is next contended that the state arbitration law does not govern disputes as to the legal construction or wording of contracts, but only disputes as to questions of fact arising out of them. Section 1281 of the Code of Civil Procedure, as amended (St. Cal. 1927, p. 404, § 2), provides:

"Two or more persons may submit in writing to arbitration any controversy existing between them at the time of the agreement to submit, which arises out of a contract or the refusal to perform the whole or any part thereof or the violation of any other obligation."

This section is broad enough to authorize the submission of any and all questions arising under a contract, whether such questions relate to the construction of the contract or to questions of law or fact arising thereunder.

"Controversies involving questions purely of law may be submitted to arbitration, such as questions involving the construction of a will or its invalidity, the construction of a statute, or the sufficiency of a pleading, and the decision of the arbitrators in respect thereto is binding, although contrary to law, unless fraud or corruption is imputable. If the rule was otherwise, it would not be competent for parties to make a valid submission on a point of law; however, the arbitrators might decide no litigation would be avoided." 5 C. J. 27.

In this case the parties agreed to submit any differences arising between them with reference to any transaction under the agreement, and it was further agreed that the arbitrators and umpire should interpret the agreement as an honorable engagement, rather than as a merely legal obligation; that their decision, or that of the majority of them, should be final and binding upon the contracting parties without appeal; and that they should be relieved from all judicial for-

malities and might abstain from following the strict rules of law. It is apparent from this that the parties intended to and did agree to arbitrate any differences that might arise between them growing out of the contract, whether such differences related to matters of construction of the contract or to matters of law or matters of fact. It is said that, if the arbitration act is thus broadly construed, it conflicts with the provisions of the Code of Civil Procedure relating to declaratory relief. This may or may not be true, but in any event the arbitration act is the later enactment and will control.

[3] Again, it is contended that the arbitration act of 1927 is unconstitutional, because it does not apply to contracts pertaining to labor. But many laws are not of universal application. They either apply to certain classes or exempt certain classes from their operation. If there is reasonable ground for the classification made, and the law applies equally to all within the class, it is free from constitutional objection. Laws granting special privileges to wage-earners or exempting them from burdens imposed upon others are of frequent occurrence and have been very generally sustained. Thus an involuntary petition in bankruptcy may not be filed against a wage-earner; he is often preferred in a measure in the distribution of the assets of an insolvent; he is given a lien for his wages; he is granted exemptions appropriate to his calling; his freedom of contract is sometimes limited, as by laws regulating the hours of service or by laws requiring wages to be paid at stated periods, or only in lawful money of the United States. Classification is as much a rule as an exception, and the courts may not interfere, unless they are able to say that the classification adopted by the Legislature is arbitrary and without any reasonable basis.

"It is more pressed that the act discriminates unconstitutionally against certain classes. But while there are differences of opinion as to the degree and kind of discrimination permitted by the Fourteenth Amendment, it is established by repeated decisions that a statute aimed at what is deemed an evil, and hitting it presumably where experience shows it to be most felt, is not to be upset by thinking up and enumerating other instances to which it might have been applied equally well, so far as the court can see. That is for the Legislature to judge unless the case is very clear. * * * The suggestion that others besides mining and manufacturing companies may keep shops and pay their workmen with orders on themselves for

merchandise is not enough to overthrow a law that must be presumed to be deemed by the Legislature coextensive with the practical need. Keokee Coke Co. v. Taylor, 234 U. S. 224, 34 S. Ct. 856, 58 L. Ed. 1288.

[4] It is further contended that the provision for a stay of proceedings is not within the title of the act. The act is entitled as an act to amend certain sections of the Code of Civil Procedure and to add certain other sections relating to arbitration and awards. A stay of proceedings to enforce arbitration is clearly germane to the subject-matter of the act.

The contract provided that each of the contracting parties should select an arbitrator, and that, if the two thus selected were unable to agree upon an umpire, each of the arbitrators should select one and the umpire should be chosen from the two thus named by lot. It is now contended that the selection of an umpire by lot in this manner is against public policy and void. We hardly think so, but it will be time enough to consider that question when an award is made by an umpire or arbitrator chosen in that way.

We are of opinion that the objections urged against the contract and the statute are unfounded, and the order of the court below is therefore affirmed.