**VOUTREY et al. v. GENERAL BAKING CO.**

No. 1332.

District Court, E. D. Pennsylvania.

June 17, 1941.

Edward Davis, of Philadelphia, Pa., for plaintiffs.

Kenneth Souser, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The plaintiffs are members of the International Union of Operating Engineers, Local 835, a labor union within the meaning of Section 2 of the National Labor Relations Act of 1935, 29 U.S.C.A. § 152, which exists for the purpose, among others, of bargaining with the employers on behalf of its members with regard to wages, hours and conditions of employment. The defendant is engaged in the baking of bread, cakes, and similar products, and the selling of the same both at wholesale and retail in the City of Philadelphia.

The action brought by the plaintiffs is based on the Fair Labor Standards Act of June 25, 1938, Chapter 676, Par. 16, 29 U.S.C.A. § 216, and is for certain hours of employment alleged to have been worked by the various plaintiffs by way of overtime from October 24, 1938, the effective date of said act, to October 24, 1940, at various rates per hour for the various individual plaintiffs, for which they have never been compensated.

On the 29th day of November, 1937, the International Union of Operating Engineers, Local 835, entered into an agreement with the General Baking Company, whereby a minimum wage rate was established for all members of the Union and a maximum of forty-four hours was established as a week's work, and time and one-half time in excess of forty-four hours in any one week. Article Seven of said agreement provided as follows: "Article 7. In the event that any difference or dispute shall arise under this contract which cannot be settled between the parties themselves, the question involved must be submitted to a Board of Arbitration. The Board shall constitute five members, two selected by the Company, two by the Union and the fifth by these four. The decision of the Board, or a majority of them, shall be final and binding upon all parties. Any dispute between the Union and any other Union as to jurisdiction or as to any other question shall be referred to the American Federation of Labor and shall be finally settled in accordance with its Constitution and By-Laws, without any interruption whatever of the normal conduct of the Company's business."

At the expiration of this agreement a new agreement was entered into on the 29th day of February, 1940, making provision, among others, also for a minimum wage rate and maximum number of hours

per week, which was forty-four hours as in the other agreement and time and one-half time was to be paid for all hours in excess of forty-four hours in any one week. The same provision, Article Seven, was incorporated in the new agreement, which is presently in force.

The matter not being at issue no answer having been filed, the defendant filed a petition for stay of proceedings in accordance with Section 2 of the Act of 1927, P. L. 381 of the Commonwealth of Pennsylvania, 5 Purdon's Statute § 162, which provides as follows:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties made before the suit or proceeding is at issue, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

An answer was filed to the defendant's petition praying for arbitration of the issue involved wherein was admitted the fact that the Union was acting on behalf of the plaintiffs as agent with respect to the agreements and that said agreements were fully authorized, ratified and confirmed by the plaintiffs.

Accordingly, the question raised under the pleadings is whether the plaintiff can maintain his action under the Fair Labor Standards Act of June 25, 1938, and prosecute it to completion in a Federal Court or whether he must resort to arbitration of the dispute in accordance with the Pennsylvania Statute of 1927, Section 2, P.L. 381.

The rights of the parties herein grow out of the right given them under a Federal Statute, to wit: The Fair Labor Standards Act of June 25, 1938. This act creates a new and substantive right on behalf of the employee by providing that if any employer should violate the provisions of Sections 6 or 7 of the Act, 29 U.S.C.A. §§ 206, 207, sections dealing with minimum wages and maximum hours, it would be liable to the employee in the amount of the unpaid minimum wage or the overtime compensation as the case may be and in addition an equal amount as liquidating damages. Definite provision is made therefor in Section 16(b) thereof wherein it provided: "Any employer who violates the provisions of section 6 [206] or section 7 [207] of this Act [chapter] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

It is therefore to be seen that the statute gives to the employee whose employer violates either section 6 or 7 of the act two additional rights which would not be accorded to him ordinarily: (1) that he shall have an additional amount equal to that which is owing to him by the employer by way of liquidated damages and (2) a reasonable attorney's fee in addition to the costs of the action is to be paid by the employer.

While it is true that in proper cases a Federal Court may enforce state laws, this principle is applicable only when the state legislation creates or established a substantive right. The Henrietta Mills v. Rutherford County, North Carolina, et al., 281 U.S. 121, 127, 128, 50 S.Ct. 270, 74 L.Ed. 737. The right created under the Pennsylvania statute for arbitration is purely remedial, for all that the act has done is to add an additional remedy. The pleadings here invoke the equitable jurisdiction of the Federal Court and as was said in Pusey & Jones Company v. Hanssen, 261 U.S. 491, 497, 498, 43 S.Ct. 454, 456, 67 L.Ed. 763, "A remedial right to proceed in a Federal Court sitting in equity cannot be enlarged by a state statute. * * * The federal court may therefore be obliged to deny an equitable remedy which the plaintiff might have secured in a state court".

In California Prune & Apricot Growers' Ass'n v. Catz American Company, 9 Cir.,

976

60 F.2d 788, 85 A.L.R. 1117, the court held, in construction of a section of a California statute providing for arbitration almost identically similar to the Pennsylvania statute here involved, that the statute was purely remedial and did not create any substantive equitable right and therefore the court had no jurisdiction to compel the parties to arbitrate the controversy.

In Berkovitz et al. v. Arbib & Houlberg, 230 N.Y. 261, 130 N.E. 288, 289, 290, Mr. Justice Cardozo pointed out clearly that an arbitration statute is a remedial law and not one which creates a substantive right. In Hunkin-Conkey Construction Company v. Pennsylvania Turnpike Commission, D.C., 34 F.Supp. 26, at page 29, the court comments as follows: "The state statutes, such as are now in force in Pennsylvania, making arbitration clauses enforceable, are considered to be remedial in nature and not substantive. That is, they give to the parties a new remedy, but do not affect their rights and liabilities."

Therefore this court will not enforce a state statute purely remedial in nature and the rule in the Federal Court will be followed which will not allow the relinquishment of its jurisdiction to permit enforcement of the arbitration agreements.

The petition for stay of proceedings pending reference to arbitration is denied.