ABBOTT v BEATTY LUMBER COMPANY

Docket No. 78-1676. Submitted February 13, 1979, at Detroit.—Decided June 5, 1979.

Floyd A. Abbott brought an action alleging that defendant Beatty Lumber Company had wilfully violated the Fair Labor Standards Act by failing to pay overtime compensation in accordance with that act. Defendant moved for summary judgment on the basis that plaintiff failed to state a claim upon which relief could be granted, arguing that plaintiff had failed to exhaust his remedies under the collective bargaining agreement covering the terms of his employment, which also had a provision for overtime pay. The Oakland Circuit Court, John N. O'Brien, J., granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

1. The Fair Labor Standards Act creates a statutory right to recover unpaid overtime compensation that is wholly independent of any collective bargaining agreement. That statutory right is not waived by the employee because of the existence of provisions in a collective bargaining agreement concerning overtime compensation.

2. An employee is not barred from instituting a suit to enforce the statutory right to overtime compensation by reason of the failure to seek enforcement of a corresponding contractual right under the grievance procedure provided by the later contract.

3. Arbitration of a claim for unpaid overtime compensation conducted under the United States arbitration act operates as a stay of any judicial proceeding for unpaid overtime compensation under the Fair Labor Standards Act. The pendency of such an arbitration is in the nature of an affirmative defense. The arbitration does not bar the filing of a suit for the statutorily required payment of overtime compensation.

4. It was error to grant summary judgment in favor of defendant on the basis that plaintiff's statutory claim for

REFERENCES FOR POINTS IN HEADNOTES

[1] 48A Am Jur 2d, Labor and Labor Relations § 2233.

[2] 48A Am Jur 2d, Labor and Labor Relations § 1932 *et seq.*

[3] 48A Am Jur 2d, Labor and Labor Relations §§ 1937, 2467 *et seq.*

[4] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

unpaid overtime compensation was barred by his failure to exhaust his contract remedies.

Reversed and remanded.

1. LABOR RELATIONS — OVERTIME COMPENSATION — STATUTORY RIGHTS — WAIVER — STATUTES.

The Fair Labor Standards Act creates a statutory right to recover unpaid overtime compensation that is wholly independent of any collective bargaining agreement; that statutory right may not be waived by the employee by a collective bargaining agreement (29 USC 207, 216[b]).

2. LABOR RELATIONS — OVERTIME COMPENSATION — STATUTORY RIGHTS — CONTRACT RIGHTS — STATUTES.

An employee is not barred from instituting a suit to enforce his statutory right to overtime compensation under the Fair Labor Standards Act by reason of his failure to seek enforcement of a corresponding contractual right under the grievance procedure provided by a collective bargaining agreement (29 USC 207).

3. LABOR RELATIONS — OVERTIME COMPENSATION — ARBITRATION — STAY OF PROCEEDINGS — PLEADINGS — STATUTES.

Arbitration pursuant to the United States arbitration act of a claim for unpaid overtime compensation under the Fair Labor Standards Act operates as a stay of any judicial proceedings for such compensation under the Fair Labor Standards Act, but such arbitration is in the nature of an affirmative defense which must be pled and does not bar the filing of a suit under the Fair Labor Standards Act (9 USC 1 *et seq.*).

4. JUDGMENT — SUMMARY JUDGMENT — STATUTORY CAUSE OF ACTION — COURT RULES.

A grant of summary judgment is improper where a plaintiff pleads a statutory cause of action and a defendant has raised no applicable legal standard which must prevail over the plaintiff's claim (GCR 1963, 117.2[1]).

*Peres, Carr, Jacques, Batchik & Schmidt,* for plaintiff.

*Beier, Howlett, McConnell, Googasian & McCann,* for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR. and D. C. RILEY, JJ.

D. E. HOLBROOK, JR., J. On September 24, 1977,

plaintiff filed an action in the Oakland County Circuit Court alleging that defendant had wilfully violated the Fair Labor Standards Act of 1938 as amended, 29 USC 201 *et seq.,* by failing to pay overtime as required under § 7 of that act, 29 USC 207. During the time in which plaintiff was employed by defendant, his employment relationship was controlled by a collective bargaining agreement. Article XXI, § 2 of this collective bargaining agreement stated that:

"Time and one-half (1-1/2) the employee's regular hourly rate shall be paid for all hours worked in excess of eight (8) hours in any one day, or forty (40) hours any one week, but not both. Hours paid for at overtime on any day shall not be counted towards weekly overtime. Overtime pay shall not be pyramided."

Article VII, § 1, concerned grievances and stated:

"All disputes and disagreements involving the application or interpretation of this Agreement shall be resolved in accordance with the procedures hereinafter provided."

The final step of the grievance procedure was binding arbitration. Article IX, § 1, stated:

"Any grievance remaining unresolved at the conclusion of the grievance procedure provided in Article VIII or any dispute or disagreement between the Local Union and the Employer, or the Association involved in the application or interpretation of this Agreement may be submitted to arbitration by either the Local Union, the Employer or the Association."

Section 7 of this article further provided that:

"The arbitrator's decision shall be final and binding

upon the Local Union, the Employer, the Association and the employee or employees involved."

Defendant brought a motion for summary judgment under GCR 1963, 117.2(1) contending that plaintiff's claim is cognizable under the grievance and arbitration provisions of the contract and that his failure to utilize these procedures served to bar the action as a matter of law. After receiving briefs and hearing oral arguments, the trial court granted summary judgment for defendant, and plaintiff appeals as of right.

The only issue raised in this appeal is whether an individual employee seeking to assert his statutory rights under the FLSA must exhaust his contractual grievance procedure before seeking judicial resolution. Section 7 of the FLSA, 29 USC 207, provides in pertinent part that:

"Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Enforcement of § 7 is granted to the individual employee by § 16(b) of the FLSA, 29 USC 216(b), which states in pertinent part:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * An action to

recover the liability described in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

These provisions create a statutory entitlement to recover unpaid overtime compensation that is wholly independent of the provisions of any collective bargaining agreement which purports to control the payment of wages to the employee. This statutory entitlement to overtime compensation may not be waived by the employee, even by a collective bargaining agreement, since to do so would nullify the purposes of the FLSA. *Brooklyn Savings Bank v O'Neil,* 324 US 697, 707; 65 S Ct 895, 902; 89 L Ed 1296, 1309 (1945), *Mumbowar v Callicott,* 526 F2d 1183 (CA 8, 1975), *Marshall v R & M Erectors, Inc,* 429 F Supp 771, 780 (D Del, 1977). This rule of nonwaiverability has only one exception. Section 16c of the FLSA, 29 USC 216(c), provides that:

"The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount is liquidated damages."

Thus, where an employee accepts payment in full after investigation by the Wage and Hour Division of the Employment Standards Administration of the United States Department of Labor, that em-

ployee has waived his right to judicial enforcement of his claim for overtime compensation. See *Sneed v Sneed's Shipbuilding, Inc,* 545 F2d 537 (CA 5, 1977). In this instance, there has been no supervised settlement by the wage and hour division, and plaintiff is not deemed to have waived his right to overtime compensation.

Having determined plaintiff has not waived his right to seek a judicial determination of his entitlement to overtime pay, we must now determine whether plaintiff's statutory entitlement to sue to recover unpaid overtime has been terminated in any other way. An individual's right to bring an action under the FLSA may be terminated by the occurrence of two statutorily recognized occurrences. Section 16b, 29 USC 216(b), provides that:

"The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title."

Additionally, § 16(c), 29 USC 216(c) states:

"The Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation and an equal amount of liquidated damages. The right provided by subsection (b) of this section to bring an action by or on behalf of any employee to recover the liability specified in the first sentence of such subsection

and of any employee to become a party plaintiff to any such action shall terminate upon the filing of the complaint by the Secretary in an action under this subsection in which the recovery is sought of unpaid minimum wages or unpaid overtime compensation under sections 206 and 207 of this title or liquidated for other damages provided by this subsection owing to such employee by an employer liable under the provisions of subsection (b) of this section, unless such action is dismissed without prejudice on motion of the Secretary."

The record indicates that neither of these two specified circumstances have occurred, forcing us to conclude the plaintiff's right to bring an action under the FLSA is not precluded by the statutory exceptions to its application.

A judicial exception has been created which terminates the right of an individual employee to sue for overtime compensation under the FLSA. In *Satterwhite v United Parcel Service, Inc,* 496 F2d 448 (CA 10, 1974), *cert den* 419 US 1079; 95 S Ct 668; 42 L Ed 2d 674 (1974), it was held that an employee's right to sue for overtime compensation under § 7(a) and § 16(b) of the Fair Labor Standards Act was foreclosed by prior submission of his claim to final arbitration under the grievance procedure of the collective bargaining agreement. This exception has been recognized by other circuits. *Union de Tronquistas de Puerto Rico, Local 901 v Flagship Hotel Corp,* 554 F2d 8, 11 (CA 1, 1977), *Atterburg v Anchor Motor Freight, Inc,* 425 F Supp 841, 845 (D NJ, 1977). See also *Suissa v American Export Lines, Inc,* 507 F2d 1343, 1348 (CA 2, 1974). However, since plaintiff has not elected to settle this dispute by arbitration, this exception is inapplicable.

We are convinced none of the recognized exceptions that could limit plaintiff's ability to bring

this suit under the FLSA are present. Indeed none of these exceptions were put forward by the defendant and they do not form the basis for the trial court's grant of summary judgment. Instead, defendant argued plaintiff was precluded from bringing a suit under the FLSA because the issue could have been resolved under the contractual grievance procedure, and his failure to exhaust contractual remedies precluded his action.

Defendant's argument that plaintiff must attempt to utilize contractual grievance procedure before instituting suit is derived from *Republic Steel Corp v Maddox,* 379 US 650, 652; 85 S Ct 614, 616; 13 L Ed 2d 580, 583 (1965), where the Court stated:

"As the general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress."

Defendant's contention would undoubtedly be correct if plaintiff were suing to vindicate his right to collect overtime based upon Art XXI, § 2, of the collective bargaining agreement. However, in this instance, plaintiff is not seeking to enforce his contractual rights, but rather seeks to enforce his unwaiverable statutory right to overtime granted by 29 USC 207. Since plaintiff is asserting his statutory rights, rather than his contractual rights, the preclusion rule of *Maddox* is inapplicable since its effect is limited to suits on the contract only. Plaintiff, having chosen to eschew the contract rights and assert his statutory rights, is not precluded from instituting his suit. Indeed,

since the grievance procedure covers only disputes and disagreements involved in the application or interpretation of this agreement and not disputes concerning other statutory claims, it is questionable whether arbitration could provide plaintiff with a forum in which to adjudicate his FLSA claim. In view of this, in order to permit defendant's argument to prevail, we must be willing to extend *Maddox* to hold that pursuit of a statutory remedy is barred because the same factual basis *could* have been made the basis of a grievance based upon the provisions of the collective bargaining agreement. This contention was rejected in *Leone v Mobile Oil Corp,* 173 US App DC 204; 523 F2d 1153 (1975), *Thompson v Iowa Beef Packers, Inc,* 185 NW2d 738 (Iowa, 1971), *cert granted* 404 US 820; 92 S Ct 70; 30 L Ed 2d 48 (1971), *cert dismissed as improvidently granted* 405 US 228; 92 S Ct 859; 31 L Ed 2d 165 (1972), and we are confident that the proper result was reached in both cases.

The holdings in *Leone* and *Iowa Beef Packers* are entirely consistent with prior law. In *Voutrey v General Baking Co,* 39 F Supp 974 (ED Pa, 1941), the Court refused to require an FLSA claim concerning overtime pay to be submitted to arbitration under the provisions of a Pennsylvania statute. *Bailey v Karolyna Co,* 50 F Supp 142 (SD NY, 1943), found that the arbitration clauses contained in the collective bargaining agreement had no relation to the claim asserted by the plaintiff because his claims arose under the provisions of the Fair Labor Standards Act and not under the clauses contained in the agreement. In a similar vein, *City Bank Farmers Trust Co v O'Donnell,* 179 Misc 770; 39 NYS2d 842 (1943), found that a claim brought under the Fair Labor Standards Act

was not a dispute arising under or involving an interpretation of a collective bargaining agreement.

Subsequent to these cases, a successful method of requiring claims under FLSA to be arbitrated was discovered. The provisions of the United States arbitration act, 9 USC 1 *et seq.,* were applied to require a stay of proceedings and a referral to arbitration based upon the collective bargaining agreement. *Beckley v Teyssier,* 332 F2d 495 (CA 9, 1964), *Evans v Hudson Coal Co,* 165 F2d 970 (CA 3, 1948), *Watkins v Hudson Coal Co,* 151 F2d 311 (CA 3, 1945), *Donahue v Susquehanna Collieries Co,* 138 F2d 3 (CA 3, 1943). Significantly, these cases did not prevent a plaintiff from filing suit under the FLSA, but rather established a principle that, if the issue was arbitrable pursuant to the terms of written contract, the proceeding could be stayed pending completion of the arbitration. This operation of the United States arbitration act does not arise *sua sponte,* but must be pled in the nature of an affirmative defense in order to be applicable. Since defendant has not raised the provisions of this act, its potential staying power cannot be used to defeat plaintiff's claim that he is entitled to pursue his remedy in a judicial forum.

The grant of summary judgment was made by the trial court pursuant to GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted. The grant of summary judgment under this subsection of the court rule is only appropriate when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978), *Crowther v Ross Chemical & Manufacturing Co,* 42

Mich App 426; 202 NW2d 577 (1972). We find that the grant of summary judgment was improper in this instance, since plaintiff pled a statutory cause of action and defendant has raised no applicable legal standard that must prevail over plaintiff's claim.

Holding as we do that no applicable legal standard, either of statutory or judicial origin, precludes plaintiff's bringing an action under the FLSA without first attempting to utilize contractual grievance procedures, does not negate the possibility that a successful counter-claim to enforce the arbitration provisions of the collective bargaining agreement could be brought upon remand. 29 USC 185, 9 USC 3. The dissenting opinion written by Justice White and signed by three other current justices of the United States Supreme Court in *U S Bulk Carriers, Inc v Arguelles,* 400 US 351; 91 S Ct 409; 27 L Ed 2d 456 (1971), would tend to substantiate this position. However, as such a claim is not before us, we make no comment upon the success of such a claim to force arbitration of a claim for overtime under the Fair Labor Standards Act.

Reversed and remanded for trial. Costs to abide the final result.