REID v ALLEN

*Docket No. 61656. Submitted November 17, 1982, at Detroit.—Decided March 9, 1983.*

Paul Reid, a minor, was injured when an empty 55-gallon drum exploded. Reid and a friend were using the drum as a work bench and the drum exploded when a match was struck in an attempt to heat some glue for a tube patch. The accident occurred at a Marathon gas station owned by Larnell Allen. Allen had purchased the drum and its contents from another dealer some time previously. The drum bore markings indicating that it had belonged to National Chemical Corporation, which manufactured solvent for the Ford Motor Company and shipped it to Ford in drums of this type. The drum in question bore a Ford Motor Company part number. Eldress Reid, as next friend of Paul Reid, brought an action for damages against Allen, Marathon Oil Company, National Chemical Corporation, and Ford Motor Company. Ford Motor company sought a summary judgment based on the failure to state a claim upon which relief could be granted and upon the lack of any genuine issue of fact. The Wayne Circuit Court, Susan D. Borman, J., granted Ford's motion, and plaintiff appeals. *Held:*

Discovery uncovered no evidence that Ford ever had possession or control of the drum which exploded. The records of Ford and of National Chemical do not indicate that the drum was either stolen or missing. Because of the lack of evidence, the plaintiff has not shown that Ford owed any duty to Paul Reid to prevent the injury. Summary judgment was proper.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

Summary judgment for failure to state a claim upon which relief can be granted is appropriate only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 226, 227.

[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[3] 57 Am Jur 2d, Negligence § 37.

2. JUDGMENTS — SUMMARY JUDGMENT — No GENUINE ISSUE OF FACT.
    Summary judgment for the reason that except as to the amount
    of damages there is no genuine issue as to any material fact
    should be granted only where it is obvious that the nonmoving
    party's case is subject to some deficiency which cannot be
    overcome at trial (GCR 1963, 117.2[3]).

3. NEGLIGENCE — DUTY — RELATIONSHIP OF PARTIES.
    The issue of whether a defendant owes a plaintiff a duty to
    prevent an injury is a question of whether the relationship
    between the defendant and the injured person gives rise to any
    legal obligation on the defendant's part for the benefit of the
    injured person.

*Stephen J. Remski,* for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse* and *John D. Golden*), for defendant.

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

R. B. BURNS, J. Plaintiff appeals the trial court's grant of summary judgment to defendant Ford Motor Company.

Plaintiff brought a civil action for injuries sustained on August 19, 1977. He was 12 years old at the time of his injury. Plaintiff and a friend, John Bell, went to a Marathon gas station to fix a bicycle inner tube. The boys obtained materials, including matches, to repair the tube.

A large barrel or drum was located near the spot where John Bell was repairing the inner tube. He decided to use the drum as a work bench. When he struck a match to heat the glue used to patch the tube, the drum exploded. Bell was killed and plaintiff was severely burned.

According to the owner of the Marathon station, Larnell Allen, he purchased the drum in the summer of 1976 from another Marathon dealer. He could not recall the name of the other dealer.

According to Allen, the drum contained windshield washer solvent which Allen dispensed to his customers.

The barrel bore a label identifying the contents as windshield washer solvent and it had a Ford Motor Company part number stenciled on it.

The deposition of Arthur Wagner, a shareholder and employee of National Chemical Company, revealed that from 1975 through 1977 National produced windshield washer solvent, cutting and grinding oils, industrial cleaners, and car soaps. From 1974 through December, 1975 National put the solvent into 55-gallon drums which were painted black on the sides, with a white top. During the winter of 1975 and the spring of 1976, National, pursuant to a bid, sold the solvent to Ford Motor Company in the 55-gallon drums. National stenciled a label onto the drum. The label contained the address of the Ford location to which the drum was to be shipped, Ford's material number, E.S. number, and a warning label that the drum contained methanol and that it was flammable and poisonous. If the drums were shipped inside the metropolitan Detroit area, the solvent was placed in returnable drums. The drums for the Detroit metropolitan area were shipped by National's trucks or by common carrier. Drum companies usually picked up the returnable drums, cleaned them, and returned them to National. Drums shipped otuside the Detroit area were sold to Ford at a cost of $15. Ford was then free to dispose of the drums in any way it wished.

The labels on the drums were placed there by National just prior to filling the drums with the solvent. Wagner did not know whether Ford had required the labels to be placed on the drums.

According to Wagner, Ford used the solvent in new automobiles and not for resale.

Wagner was certain that, although someone might have siphoned off a gallon or two of the solvent over a period of time, it was impossible that an entire drum of solvent could have been taken without National's having missed the drum.

The records of Ford Motor Company did not indicate that any drums were missing. Ford used the solvent only in new cars and not for resale. At the hearing on defendant Ford's motion for summary judgment, plaintiff's attorney stated that there was no evidence that the drum which exploded was ever in Ford's possession.

Defendant Ford moved for summary judgment pursuant to GCR 1963, 117.2(1) and GCR 1963, 117.2(3). The trial court granted Ford's motion.

Summary judgment under GCR 1963, 117.2(1), for failure to state a claim upon which relief can be granted, is "only appropriate when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover". *Abbott v Beatty Lumber Co*, 90 Mich App 500, 509; 282 NW2d 369 (1979). The issue before us is whether defendant Ford owed plaintiff a duty to prevent the alleged harm. The question is whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. *Sowels v Laborers' International Union of North America*, 112 Mich App 616; 317 NW2d 195 (1981), see also *Moning v Alfono*, 400 Mich 425; 254 NW2d 759 (1977).

Under GCR 1963, 117.2(3) summary judgment should be granted only where it is obvious that the nonmoving party's case is subject to some deficiency which cannot be overcome at trial. *North-*

*ern Plumbing & Heating, Inc v Henderson Brothers, Inc,* 83 Mich App 84; 268 NW2d 296 (1978).

The deficiency which plaintiff would have to overcome at trial is the total lack of evidence that Ford ever had possession or control of the barrel which injured plaintiff. Discovery uncovered no such evidence. Plaintiff has only conjecture based upon the Ford label recovered from the barrel and Ford's absence of records indicating that the particular drum was stolen or otherwise missing. Because this evidence is lacking, we agree with the trial court that plaintiff failed to establish a duty that defendant owed to plaintiff. See *Clark v Dalman,* 379 Mich 251; 150 NW2d 755 (1967), *Portage Aluminum Co v Kentwood National Bank,* 106 Mich App 290; 307 NW2d 761 (1981). This Court cannot infer that Ford possessed or controlled the barrel simply on the fact that it bore a Ford label. Even if it were proved that Ford owned the drum, liability for negligence does not depend on title. *Nezworski v Mazanec,* 301 Mich 43; 2 NW2d 912 (1942). Cases from other jurisdictions, cited by plaintiff, are not on point as defendant Ford is not the manufacturer of the product and did not distribute the barrels of solvent to the public. We therefore affirm the trial court's decision.

Affirmed.