HINSHAW v BLUE CROSS & BLUE SHIELD OF MICHIGAN

Docket No. 76118. Submitted February 6, 1985, at Lansing.—Decided March 21, 1985.

Donald L. Hinshaw, doing business as Hinshaw Drugs, entered into a pharmacy participation agreement with Blue Cross and Blue Shield of Michigan. The participation agreement provided that Hinshaw would receive a standard dispensing fee for each prescription filled and that dispensing fee would be the fee stated in the Michigan Blue Shield pharmacy manual at the time the service was performed. The pharmacy manual, in addition to stating the current dispensing fee, stated that Blue Cross and Blue Shield of Michigan would continue to evaluate the adequacy of the dispensing fee and would change the fee if it were found to be inadequate. Hinshaw brought a contract action against Blue Cross and Blue Shield of Michigan in Ingham Circuit Court, alleging that defendant had failed to continuously evaluate the adequacy of the dispensing fee and that the fee in effect was inadequate. Defendant moved for accelerated judgment and summary judgment. The trial court, James R. Giddings, J., denied the motion for accelerated judgment, but granted the motion for summary judgment. Plaintiff appealed. Defendant cross-appealed. *Held:*

The reference in the participation agreement to the pharmacy manual was for the particular purpose of incorporating into the participation agreement the amount of the dispensing fee stated in the manual. Since the reference in the participation agreement to the manual was for that specified limited purpose, the other provisions of the manual were not incorporated into the participation agreement. Because plaintiff failed to establish that defendant should be estopped from denying that all the provisions of the manual were incorporated into the participation agreement, summary judgment was properly granted inasmuch as there existed no contractual obligation on the part of defendant to continuously review the adequacy of the dispensing fee.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTE

17 Am Jur 2d, Contracts § 263.

Contracts — Reference to Other Writings.

A reference in a contract to an extraneous writing for a particular purpose makes that writing a part of the contract only for the purpose specified.

*MacLean, Seaman, Laing & Guilford* (by *Dwight D. Ebaugh),* for plaintiff.

*Steven C. Hess,* for defendant.

Before: Danhof, C.J., and T. M. Burns and Beasley, JJ.

Per Curiam. In 1969, plaintiff, a pharmacist, entered into a participation agreement with the defendant, Blue Cross and Blue Shield. Pursuant to this participation agreement, plaintiff received a standard dispensing fee for each prescription. The participation agreement states that "reimbursement, except for insulin, will be the total of net acquisition costs as defined by Michigan Blue Shield plus the current dispensing fee payable by the Michigan Blue Shield for pharmaceutical services as stated in the Blue Shield pharmacy manual at the time services are performed". The pharmacy manual, in addition to stating the current dispensing fees, also states that defendant will continue to evaluate the adequacy of the dispensing fee and, if it appears that the fee is insufficient, it will change the fee. Plaintiff brought this suit arguing that Blue Cross had failed to continuously evaluate the adequacy of the dispensing fee and should have changed the fee because it is inadequate. Defendant filed motions for accelerated and summary judgment. The trial court denied Blue Cross's motion for accelerated judgment, but granted the motion for summary judgment. Plaintiff appeals as of right.

Plaintiff first argues that the trial court erred in

finding that he failed to state a claim upon which relief could be granted. The trial court granted defendant's motion for summary judgment brought under GCR 1963, 117.2(1) and 117.2(3).

"Summary judgment under GCR 1963, 117.2(1), for failure to state a claim upon which relief can be granted, is 'only appropriate when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover'. *Abbott v Beatty Lumber Co,* 90 Mich App 500, 509; 282 NW2d 369 (1979). * * *

"Under GCR 1963, 117.2(3) summary judgment should be granted only where it is obvious that the nonmoving party's case is subject to some deficiency which cannot be overcome at trial. *Northern Plumbing & Heating, Inc v Henderson Brothers, Inc,* 83 Mich App 84; 268 NW2d 296 (1978)." *Reid v Allen,* 124 Mich App 56, 59; 333 NW2d 382 (1983).

In his complaint, plaintiff alleges that the participation agreement incorporates the portion of the pharmacy manual which states that defendant will continuously evaluate the adequacy of its dispensing fee. The participation agreement, however, merely provides that the defendant's pharmacy manual would provide the current rate of the dispensing fee. No other reference to the pharmacy manual is made in the participation agreement. If a reference to an extraneous writing is for a particular purpose, the reference makes the extraneous writing part of the agreement only for the purpose specified. *Arrow Sheet Metal Works, Inc v Bryant & Detwiler Co,* 338 Mich 68, 78; 61 NW2d 125 (1953). In the instant case, the participation agreement only refers to the pharmacy manual for the amount of the dispensing fee. The participation agreement does not refer to the pharmacy manual's procedures for reaching this

amount and, therefore, those procedures are not incorporated in the participation agreement. *Arrow Sheet Metal Works, supra.* Since plaintiff's complaint for his breach of contract claim was based solely on the premise that the provision of the pharmacy manual which provided for the continual evaluation of the adequacy of the amount of the dispensing fee was incorporated into the participation agreement, the lower court properly ruled that plaintiff's complaint failed to state a claim upon which relief could be granted.

We next consider whether the trial court erred in finding that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. Plaintiff refers to several theories upon which he claims there is an issue of fact. Plaintiff claims that there is a factual issue as to whether defendant is estopped from denying that the entire pharmacy manual was incorporated in the participation agreement. Plaintiff, however, has failed to provide any evidentiary support for his allegations. *Remes v Duby (After Remand),* 87 Mich App 534, 538; 274 NW2d 64 (1978). The defendant also did not make admissions by not answering plaintiff's letters. *State Bank of St Johns v McCabe,* 135 Mich 479, 482; 98 NW 20 (1904). The participation agreement contract is not ambiguous, since it only refers to the pharmacy manual for the current amount of the dispensing fee. Also, the fact that the contract does not contain a mandatory review and adjustment mechanism does not make it irrational or unfair. Plaintiff is not obligated to participate with defendant. Further, the facts show that defendant has periodically reviewed the adequacy of the dispensing fee and adjusted it accordingly.

Affirmed.