IOWA BEEF PACKERS, INC. *v.* THOMPSON ET AL.

No. 70–286. Argued January 12, 1972—Decided February 29, 1972

*Louis S. Goldberg* argued the cause for petitioner. With him on the brief was *P. L. Nymann.*

*Raymond Edward Franck* argued the cause and filed a brief for respondents.

*A. Raymond Randolph, Jr.,* argued the cause *pro hac vice* for the United States as *amicus curiae* urging affirmance. With him on the brief were *Solicitor General Griswold* and *Richard F. Schubert.*

PER CURIAM.

Respondents brought this suit in an Iowa District Court under § 16 (b) of the Fair Labor Standards Act, 52 Stat. 1069, as amended, 29 U. S. C. § 216 (b), to recover overtime compensation allegedly not paid by their petitioner employer in violation of the overtime provisions of the Act, 29 U. S. C. § 207 (a)(1). The District Court denied petitioner's motion to dismiss the action for failure of respondents to exhaust the grievance arbitration procedures provided in a collective-bargaining agreement between petitioner and respondents' union and awarded respondents the overtime claimed plus costs and attorneys' fees. The Supreme Court of Iowa affirmed, 185

N. W. 2d 738 (1971). We granted certiorari, 404 U. S. 820 (1971).

The collective-bargaining agreement required petitioner to provide a lunch period for each employee no later than five hours from the start of an employee's shift. Petitioner provided the lunch period but required the employees to remain on call during the period. Respondents did not choose, as perhaps under the contract was open to them, to make the requirement the basis of a grievance for alleged violation either of the lunch-period provision or of the hours-of-work provision, Art. VII, requiring time and one-half for hours worked over eight in any day or 40 in any week. They claimed instead that, because of the requirement, the Fair Labor Standards Act, as a matter of law, rendered the lunch period "work" time, whether or not actually worked, for the purpose of determining whether petitioner violated its statutory obligation to pay overtime rates for work hours over 40 in any work week. See *Armour & Co.* v. *Wantock*, 323 U. S. 126 (1944). The grievance thus pertained not to an alleged violation of the agreement but to an alleged violation of the Fair Labor Standards Act.

In *U. S. Bulk Carriers* v. *Arguelles*, 400 U. S. 351 (1971), the Court held that a seaman could sue in federal court for wages under 46 U. S. C. § 596 without invoking grievance and arbitration procedures under a collective-bargaining agreement that provided for resolution of all disputes and grievances, not merely those based on alleged violations of the contract. We granted certiorari in this case to decide whether, similarly, employees may sue in court to recover overtime allegedly withheld in violation of the Fair Labor Standards Act, if their complaint of alleged statutory violation is also subject to resolution under grievance and arbitration provisions of a collective-bargaining agreement. It developed at oral argument, however, that the grievance and arbitration

provisions, Art. XX of the collective-bargaining agreement involved in this case, do not have the broad scope of the procedures in *Arguelles*, but apply only to grievances "pertaining to a violation of the Agreement." Moreover, the issues as presented by petitioner provide no occasion to address, and we intimate no view upon, the question whether, although the statutory claim is not subject to contract arbitration, pursuit of the statutory remedy is nevertheless barred because respondents might have made the requirement to be on call the basis of a grievance for alleged violation of the lunch period or overtime provision of the collective-bargaining agreement. In these circumstances, which were not fully apprehended at the time certiorari was granted, the writ of certiorari will be dismissed as improvidently granted. *The Monrosa* v. *Carbon Black, Inc.*, 359 U. S. 180, 183 (1959).

*It is so ordered.*

Mr. Justice Douglas, dissenting.

The arbitration clause in this collective agreement reaches "a grievance pertaining to a violation of the Agreement." The agreement covered both the lunch period [1] and overtime.[2]

The Iowa Supreme Court held that "[t]he present controversy is undoubtedly arbitrable" under the collective agreement. Given the presumption favoring liberal construction of arbitration clauses, *Steelworkers* v. *Warrior & Gulf Co.*, 363 U. S. 574, 582–583, we should defer to

---

[1] Article XIV, § 1, states:

"A lunch period shall be provided no later than five (5) hours from the start of an employee's shift, except when the shift does not exceed five and one-half (5½) hours."

[2] Article VII, § 3, states:

"Time and one-half (1½) will be paid for hours worked in excess of eight (8) in any day. Time and one-half (1½) will be paid for all hours worked in excess of forty (40) in any one week."

that ruling. Even under that construction, it seems that a suit for overtime allegedly withheld in violation of the Fair Labor Standards Act, 29 U. S. C. § 207 (a)(1) is maintainable. That would mean affirming the Iowa Supreme Court. *U. S. Bulk Carriers* v. *Arguelles,* 400 U. S. 351, which kept the courthouse door open, would seem to control this case.[3]

An affirmance would follow, *a fortiori,* if this collective agreement be construed as not requiring arbitration of this FLSA claim. For then it would seem that the worker would have a choice to sue under the statute or to proceed to arbitration on his contractual claim arising out of the same dispute.

The petition, however, is not dismissed for those reasons but for a wholly different one. It is said that there was a requirement to be "on call" and that that duty conflicted with the lunch or overtime provisions of the agreement. The difficulty is twofold: there was no "on call" grievance ever tendered so far as the record

---

[3] The Iowa Supreme Court properly stated:

"We doubt that the general Congressional intent favoring arbitration can stand against the specific Congressional intent which is manifest in the Fair Labor Standards Act provisions giving employees strong and detailed rights in court. We think Congress intended that workmen should have free access to the courts in FLSA cases. We are the more persuaded of that view by the broad Congressional policy expressed in § 2 of FLSA, 29 U. S. C. A. § 202. There the objectives of the act are set forth, and those objectives encompass more than simply wage relief for employees; they include broad economic considerations—improvement in commerce among the states. The remedies provided by the act are part of the Congressional scheme to obtain employer compliance with the act and hence achievement of those broader objectives. We believe that if Congressional intent to allow a seaman to arbitrate or sue at his option is manifest in the seaman's act involved in Arguelles, as the Court held there, then an intent to give workmen such an option is also manifest in the Fair Labor Standards Act." 185 N. W. 2d 738, 742.

shows; moreover, the agreement concededly does not cover any "on call" requirement or duty. So there is no conflict between statutory remedy and remedy by arbitration and the difficulty posed is imaginary.

We should "dismiss as improvidently granted" only in exceptional situations and where all nine members of the Court agree. In all other cases the merits of the controversy should be decided. The present case on its facts is simple and uncomplicated; and a decision on the merits is apparently important to unions and employer alike.