SLETTEN CONSTRUCTION CO., a Montana corporation, Plaintiff,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 400, a Labor Organization, Defendant.

No. CV 74-32-GF.

United States District Court,
D. Montana,
Great Falls Division.

Nov. 18, 1974.

Poore, McKenzie, Roth, Robischon & Robinson, Butte, Mont., for plaintiff.

McKittrick & Duffy, Great Falls, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This action in its present posture is brought to enforce the arbitration provisions of a collective bargaining agreement. The facts out of which the controversy arises are these:

On May 15, 1971, the Great Falls Contractors' Association, Inc., which is

a bargaining agent for Sletten Construction Co. (plaintiff), and Local Union No. 400 of the International Union of Operating Engineers (defendant), entered into a collective bargaining agreement. The agreement covered the members of the local union "on work known as building construction." Plaintiff was bound by the contract, which expired May 15, 1974. This contract is known as the "Building Construction Contract."

On May 24, 1971, the Montana Contractors' Association, Inc., which is a bargaining agent for plaintiff, entered into a contract with defendant which expired May 1, 1974. It covered union members in "heavy construction, highway construction and railroad contracting and construction." These terms are elaborately defined in Article II, Section 3, of the agreement. This contract is referred to as the "Heavy Construction Contract."

Plaintiff on January 15, 1974, commenced work on a contract for the construction of some open settling basins to be used in connection with the City of Great Falls water system. Plaintiff paid the defendant's members under the Heavy Construction Contract until May 1, 1974.

When the Heavy Construction Contract expired on May 1, 1974, there was a work stoppage. On May 15, 1974, a contract between the same parties and describing the same union members as the Building Construction Contract of May 15, 1971, was executed. On June 14, 1974, an agreement effective retroactively to May 1, 1974, between the same parties and covering the same union members as the Heavy Construction Contract of May 24, 1971, was executed.

■ On June 17, 1974, plaintiff called its employees back to work and a picket appeared. Plaintiff proposed to hire under the Heavy Construction Contract. Defendant took the position that the employment should be under the Building Construction Contract. Plaintiff requested arbitration; defendant refused.

An order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed. 2d 1409 (1960)

That cannot be said here.

The fact that there are two contracts does not alter the case. Both contain identical arbitration clauses. An interpretation of either contract in the light of what an arbitrator decides ought to be considered as to the whole relationship of the parties and the background of the contracts would of necessity involve the other contract. A decision that one contract is applicable would of necessity exclude the application of the other. It would be somewhat ironic if the fact that the parties had agreed to two arbitration clauses rather than one should result in a holding that a matter within the scope of both was not arbitrable.

■ The Administrator of the Labor Standards Division of the Montana Department of Labor and Industry wrote a letter dated June 23, 1974, to the effect that the Building Construction Contract was applicable to the Great Falls Water Project. R.C.M. 1947 § 41–701 requires that on contracts for public works contractors shall be required to pay prevailing wages and that the contract contain a clause to that effect. It authorizes the Commissioner of Labor to "keep and maintain copies of collective bargaining agreements and other information from which rates and jurisdictional areas applicable to public works contracts under this act may be ascertained." It is now urged that the letter of the Administrator of the Labor Standards Division constituted a determinative agency action and that this court is without power to review it. A simple and dispositive answer to this is that Montana law does not give the Commissioner of Labor the power to

decide anything with respect to the obligations imposed by R.C.M. 1947 § 41–701. No analogy to the powers of the Secretary of Labor under the Davis-Bacon Act can be drawn. The Davis-Bacon Act specifically empowers the Secretary of Labor to fix the minimum wages to be paid on a government contract. 40 U.S.C. § 276a.

An action is now pending between these same parties in the District Court of Cascade County charging violations of the Montana Labor Code, and it is urged that the pendency of that action deprives this court of jurisdiction. The underlying basis of the claims made in the state court is that wages are due under the Building Construction Contract and in the course of deciding the state case the court will be required to decide which of the contracts is applicable. Defendants rely on U. S. Bulk Carriers, Inc. v. Arguelles, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed. 2d 456 (1971). In *Arguelles* the action was brought by a seaman for wages under the provisions of 46 U.S.C. § 596 which gave to a seaman a right to sue for wages in a court. The Court, while holding that the seaman had an option of proceeding in court under 46 U.S.C. § 596 or under the Labor-Management Relations Act (Taft-Hartley Act) § 301(a), 29 U.S.C. § 185(a), specifically stated at 357, at 412 of 91 S.Ct.:

> What we decide today has nothing whatsoever to do with grievance claims of the maritime unions against employers or the claims of employers against them, for neither is touched by § 596. We deal only with the seaman's personal wage claims.

There are no statutes, state or federal, which together with 29 U.S.C. § 185(a) give the union an option of remedies. Since the union is the defendant here, its remedy is exclusively under 29 U.S.C. § 185(a), and the court need not explore the more complicated problems which would be posed were the individuals the parties. *See* Talbot v. National Super Markets of Louisiana, 372 F.Supp. 1050 (E.D.La.1974).

Plaintiff is entitled to a judgment directing the defendant to submit the disputes arising under the collective bargaining agreements to arbitration. Plaintiff will prepare such judgment in accordance with Rule 14(e) of the Revised Rules of Procedure of this court.