Michael E. WREN et al., Plaintiffs,

v.

SLETTEN CONSTRUCTION COMPANY,
a Montana Corporation, Defendant.

No. CV 75–49–GF.

United States District Court,
D. Montana,
Great Falls Division.

April 14, 1977.

As Amended May 24, 1977.

McKittrick & Duffy, Great Falls, Mont.,
for plaintiffs.

Poore, McKenzie, Roth, Robischon & Robinson, Butte, Mont., for defendant.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This case is a continuation of the controversy considered in *Sletten Construction Co. v. International Union of Operating Engineers, Local 400,* 383 F.Supp. 853 (D.Mont. 1974). In that case the court ordered that the parties submit to arbitration a dispute as to which of two collective bargaining agreements between the same parties should apply. The arbitrator decided, in accordance with the Union contention, that the rates of pay established by the Building Contract, rather than the Heavy Construction Contract, should apply; noted that the question of remedy had not been submitted; but, notwithstanding, stated an opinion that "no retroactive change of pay should result." The arbitrator stated the award as follows:

> The Company is found to be in violation for having applied the heavy and highway agreement to work which was more properly, according to area practice in interpretation of the two agreements, within the scope of the building agreement.

The plaintiffs here, members of Local 400, were employed by Sletten Construction Co. on the projects in question. Following the arbitrator's award, plaintiffs filed an action in state district court seeking, under state and federal law,[1] the difference between the wages paid under the Heavy Construction Contract and those which would have been paid under the Building

---

1. R.C.M.1947, Title 41, Chapters 13 and 23; 29 U.S.C. § 216.

Contract, together with penalties and interest. Defendant removed the case to this court. 28 U.S.C. § 1441; 29 U.S.C. § 185(a). Plaintiffs' claim is that the rates of pay established by the arbitration should be applied retroactively.

▮ The problem is not only one of remedy because the choice of remedy may change the result. Should the arbitrator decide that the award should not be given a retroactive effect, then the plaintiffs will receive something less than they would receive if a court were to apply the Fair Labor Standards Act to the rates of pay established by the arbitration. In the case of *Satterwhite v. United Parcel Service, Inc.*, 496 F.2d 448 (10th Cir. 1974), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974), an arbitration established the right of employees to two 15-minute coffee breaks a day. The parties then voluntarily submitted the question of whether the award should be paid at straight time or time-and-one-half. The arbitrator awarded straight time, and the employees then sued for time-and-one-half under the Fair Labor Standards Act. The court held the award conclusive, and in doing so said at 449:

> . . . The arbitrator, in a carefully considered written opinion, held that payment should be at straight time. It is reasonable to infer that the arbitrator compromised by giving the employees all the time which they sought while deciding the rate of pay in favor of the company.

A court could not make the kind of a compromise which the court attributed to the arbitrator. It would be required to determine the rate of pay and apply the Fair Labor Standards Act. This paradoxical result stems from the unique position occupied by the arbitrator. The arbitrator creates "a common law of the shop which implements and furnishes the context of the agreement."[2] The arbitrator performs functions which are not normal to the courts.[3] The arbitrator's source of law is not confined to the express provisions of the contract.[4]

In this case there can be no doubt but that the rate of pay was established by a collective bargaining agreement and the dispute as to it was a "major controversy arising on the job."[5] The right of the plaintiffs to the rate of pay claimed did not depend upon the Fair Labor Standards Act but rather on the arbitrator's decision that the Building Contract was applicable. There was nothing upon which the Fair Labor Standards Act could operate until the rate of pay was established. Had the arbitrator reached a contrary result, it is extremely doubtful if his determination could have been disturbed. The claim for back pay under the Building Contract creates a "major controversy arising on the job." I think that, while the court may not determine that the arbitrator had the power to fashion a remedy for violation of the Building Contract, the arbitrator may make that determination and a court would be required to respect it.[6] *Great Falls Retail Clerks Union Local No. 57 v. Western Drug of Great Falls*, 409 F.Supp. 1052 (D.Mont. 1976).

The problem posed there is the exact problem which the Supreme Court thought it was facing when it granted certiorari in *Iowa Beef Packers, Inc. v. Thompson*, 405 U.S. 228, 92 S.Ct. 859, 31 L.Ed.2d 165 (1972). The dismissal of the writ as improvidently granted leaves open the question of whether the rule of *U. S. Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351, 91 S.Ct. 409, 27

---

2. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 580, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960).

3. *Id.* at 581, 80 S.Ct. 1347.

4. *Id.* at 581, 80 S.Ct. 1347.

5. From Article VIII, para. 1, Building Contract.

6. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* at 582–83, 80 S.Ct. at 1353. (Footnote omitted.)

L.Ed.2d 456 (1971)[7] applies to violations of the Fair Labor Standards Act.

 The rule of this circuit, established in *Beckley v. Teyssier,* 332 F.2d 495 (9th Cir. 1964), is that claims arbitrable under a collective bargaining agreement may be the subject matter of a Fair Labor Standards Act action, at least prior to arbitration. That rule is supported by the subsequent decision of the Supreme Court in *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The special concurrence of Mr. Justice Harlan in *Arguelles* makes it clear that a majority of the Court in *Arguelles* did not vote to change the rule requiring that arbitrable disputes be settled by arbitration prior to litigation under the Fair Labor Standards Act.[8]

IT IS ORDERED that the defendant submit to the International Union of Operating Engineers, Local 400, a request to arbitrate the question of the retroactive effect of the award rendered by Garth L. Magnum. The request shall indicate to the arbitrator chosen that he should first determine whether, under the Building Contract, he has power to fashion a remedy. If he so finds, he shall fashion it. If the arbitrator finds that there is no power to fashion a remedy, then that finding shall be reported to the court. If Local 400 refuses to submit the dispute, that fact shall be reported to the court. The parties are not required to submit the dispute to Garth L. Magnum. They did not voluntarily submit the matter of remedy to him, and while I think that it is preferable that one arbitrator should resolve the whole problem, I do not believe that I have the power to choose an arbitrator for the parties.[9]

Pending the results of arbitration, further proceedings are stayed.

find that, under the contract, there is no power to fashion a remedy. If so, then obviously the collective bargaining agreement does not foreclose litigation. Second, the defendant, in its affirmative defense, invited this approach, and I have adopted it because it is possible that the plaintiffs' rights under the collective bargaining agreement have been waived by lapse of time. If the defendant requests the arbitration, which as I have indicated they have suggested, they will be estopped from claiming any such waiver.

---

7. In *Arguelles* it was held that a seaman could sue in federal court for wages under 46 U.S.C. § 596 without invoking the grievance and arbitration procedures under a collective bargaining agreement.

8. I have not discussed the claim made under state law because I believe that the federal law relating to arbitration does, where applicable, render inoperative state laws creating conflicting rights.

9. The order is made in this fashion for two reasons: First, it may be that an arbitrator will